Good morning. My name is Christopher Warren. May it please the court. I'd asked to reserve for five minutes for rebuttal this case is very unique in one very serious respect the jury in this case never heard why the initial child alleged victim entered the principal's office and Actually said what had occurred. In fact, it was a completely false narrative It was done as though the child was coming into that principal's office out of moral courage I can't take it anymore. And This is what's happened to me. I have been sexually assaulted. That is a completely false Statement and that is what the jury heard. What was the truth? Her mutt she was brought into the principal's office because her mother had been whipping her with an electrical cord that was sustained and When she was brought into the office she immediately deflected and started to say that was my client okay, so I I understand the argument and I agree with you that there's Some irregularity here, you know, but was this presented on direct appeal? Yes This was presented on direct appeal It was argued oral argument occurred on direct appeal And in fact, it was justice cherry during oral argument who asked the prosecutor weren't these facts completely false and it is I've cited to it in the brief But then the matter Supreme Court has this long footnote at the end and one of the middle Paragraphs of that footnote says that they didn't view this issue as having been properly preserved Citing, you know portions of their federal of their state appellate rules So Is it procedurally defaulted?  It is not and the district court below in this case found that that was completely improper a completely improper By by the Nevada Supreme, correct? Okay, but let's take this Siri autumn You don't disagree that the the Nevada Supreme Court said it was Not properly presented on appeal. That's exactly what they said. Okay. Okay, so if they're right It's procedurally defaulted. How could they possibly be right? Okay, that's not my question if they're right and it's a question of Nevada state law right well, I Disagree because it was a federal issue and as the district but the question of whether it was procedurally defaulted Or excuse me the question whether it was properly presented is a procedural question under, Nevada Rules well, I just don't see how it was not possibly presented correctly because the whole trial transcript was in there and You can see from the trial transcript This is a complete falsehood. And so it was argued as though the trial transcripts itself show the falsehood and in fact trial counsel asked in the middle of trial for reconsideration and I have this in Volume 9 of our but the Nevada Supreme Court. Okay, so You're saying that this is fall that the the state The Nevada Supreme Court said that it had failed That that Thomas had failed to provide the the district courts disposition on the issue in his direct appeal in accordance with Nevada state procedural requirements And that is inaccurate. It is completely inaccurate because it's it's a direct falsehood In other words what the argument was was this was a violation of your right of the okay so let even if you're right and I just don't know how to I'm trying to get a paradigm here for how to decide this because Even if you're right that that is false It has to be a in order to have a habeas claim. It has to be a violation of a clearly established federal law So I don't understand how you get to that threshold. I mean at first I'd say look this is Nevada Applying Nevada rules. They cited three or four cases. I Mean, are we supposed to dig into that and say well, no you just at best what you can get is Us concluding as the district court apparently did That Nevada misapplied its own rules, right? but how is that a violation of clearly established federal law because as the district court below on the in Federal court said that they didn't even consider the federal issue What they did is they completely ignored the federal issue decided we're not going to hear this But they did it based on a state procedural Default effectively, but it can't be because what they're saying is that the issue they couldn't read the record enough to tell what the issue Was but the issue was the falsehood and I have where defense counsel in trial Asked the court to reconsider. It's right in the trial record. The Nevada Supreme Court had it and what when mr Mann trial counsel said this is something that's happened. It's false I want to be able to present it and the district court responds. I don't know if you and I admonish you So here it was clear in the record to the Nevada Supreme Court clear All they had to do was read it and they could see the federal error that there was a false narrative Taking place and they just completely ignored it minor question is the Entirety of the appellants appendix that was filed with the Nevada Supreme Court is was that Submitted as part of the record to the district court in connection with these habeas proceedings yes, the Let me see if I see the nuance you filed When the appeal was filed in the Nevada Supreme Court Nevada Supreme Court requires this appendix to be created under its rule 30 Correct and a massive 26 volume appendix was prepared and Submitted was is that appendix in all those 26 volumes? Is that in the record of the district court in this case? Yes, okay And that's why the district court in this case the federal district that submitted With the habeas petition or did the state submit it when it submitted the records? I believe I submitted it and it was submitted But if if you looked at it and it somehow it was wrong I wouldn't dispute that but I believe the entire trial record was in there and the district I wasn't asking the trial record I was asking this 26 volume appellate document that was filed in the Nevada Supreme Court So we would know what the Nevada Supreme Court had in front of it. Yes when it made this comment Yes, and I don't what I'm missing and don't Completely understand at all is when you read the trial record, which was before the Nevada Supreme Court. It's clear as day They just ignored it all that one justice asked and then six of them agreed or seven of them It was that the order itself the pretrial order was not in there yet You can see in the record that what what took place was a completely false narrative If there was if the jury was back here the jury listening to this they'd say what is this man talking about? We have this right here. And why is he saying it's not here. That's your position What I'm saying is that the jury would think what is this case about that child had the moral turpitude to walk into that principles your courage courage Had the courage to come in there, but that was a falsehood. Can you I? I want to take you forward to can you address judge Dorsey's determination that that this didn't meet the Brecht standard Yes, it's really interesting as you look at it where she missed out and that's why I Concentrated it on she said that reasonable minds could differ but she never addressed the very fact that of the four accusers a P half the verdicts were not guilty one-third of ZF Verdicts were not guilty one-third of MS not guilty all of MSB not guilty So when she was doing this harmless error analysis when she was doing the harmless error analysis She failed to recognize that if this jury that obviously was skeptical had skepticism This would have been the tipping point the inception of the case the right under one of the two other Accusers that she relied on there were actually all acquittals No, no, I I in I agree with you in part So I'm I'm accurate the other two she did not consider all of MS bees were not guilty and one-third of MS's right, but it Okay, I'm trying to understand your argument So as I understood judge Dorsey what she said was that you know This would have impaired the credibility of these two witnesses but there were two others and it and that's more speculative and Therefore this doesn't meet Brecht But part of your response is that for one of those two other ones they were all acquittals Yes, and that she didn't consider that that she didn't consider that this jury had had been very close it was obviously a very close decision and under Davis versus Alaska, I'm trying to understand just to finalize this point is your argument I Mean because I guess at one level you could show that he still wouldn't have gotten convicted on the first two tests under your theory He still wouldn't have gotten convicted on the first two The first two witnesses no because you didn't the jury never got to hear why the revelation occurred. They never heard this It was a right. No, that's my point. I I'm I think this is your argument Is that he was convicted on the testimony of the first two? there were convictions even though some of them he was Acquitted on there were convictions and those would not have happened in your view. Yeah, if this had come in, correct That's absolutely right. So, you know, we is harmlessness even an issue here because I Mean your your point is he was convicted on I don't how many total Grounds was he convicted on of across all four witnesses? I did not count them. Okay, I did You're saying if it was 20, it might have only been 10 and that's a material difference no, I'm saying that I believe that if the jury had known why the inception of of the Revelation came that he would have been acquitted of all charges because then they have to prove that To to be successful here. Do you have to prove that he would have been acquitted of all charges or just some charges? No, because I think you've got a pretty heavy burden And you've got a heavy burden to say that he would have been acquitted on all of them I have to show substantial and injurious effect and under Davis versus Alaska motive and bias carry a unique Constitutional principle it was that it was he had his entire theory of defense gutted and not only that But what's more importantly look at and this is where the Nevada Supreme Court just completely ignored the transcript The prosecutor was permitted to get up and mock the defense for lack of motive Including saying things like oh, are they saying the mother was vile? Well, the answer that you would imagine defense counsel at trial wanted to scream out is yes She was whipping her child with electrical cord You're presenting it a complete false narrative to a jury that this mother was a caring mother and they're mocking They're mocking the defense Mocking the defense as to you have no motive They even got the prosecutor even said it and I laid out ten times in closing argument the prosecution prosecution mocked the defense and Did it with in a false narrative? we had a trial and that the Constitution does not permit to let a man be convicted on a completely false narrative and then Judicial overreach and then let prosecutors mock the defense and At the same time have a judge who is telling defense counsel. I admonish you he could do nothing This is all of the record the Nevada Supreme Court had all of this information. Okay, do you want to do you want to reserve time? Thank you. Okay. I know you were just getting wound up. So I Hate to cut you off. That was just getting good. Thank you. I'm sorry. All right You Good morning, Your Honors May it please the court. My name is Katrina Lopez. I'm appearing on behalf of the respondents appellees in this matter This court should affirm the decision of the federal district court and deny Thomas habeas relief for two reasons first the federal district court correctly concluded that any error by the trial court in excluding the evidence was harmless under Brecht and To in the alternative the Nevada Supreme Court applying its own state procedural bars Rejected the claim. I want to understand the procedural bar What's the answer to my question is the 26 volume? Appendix that was filed in the Nevada Supreme Court. Is that in the district court record of this case? The appendix Yes Yes, your honor it was provided to the federal district court, okay, but if it weren't I mean it's available Online because the Nevada Supreme Court actually lets you see all the PDF so you can pull them up and look at them We could look at them even if they weren't in addition. They'd be subject to judicial notice, correct? Yes, your honor. Okay. So what exactly? Did he not put into the appendix that got the Nevada Supreme Court upset because they say we are unable to evaluate Thomas's arguments regarding the precluded evidence and motion for independent psychological evaluations, which is a separate issue Because he has failed to provide the courts Dispositions either in the form of orders or hearing transcripts in order for us to determine the existence of errors So what is the document that he should have put in that they found that he did not put in? Okay. Yes, your honor. So in to SCR 531 that's the actual appendix that was presented to the Nevada Supreme Court on direct appeal. I'm sorry to SCR What 531 that's the appendix. And so from reviewing the appendix, there are two things that are missing I referenced one of them in 8 ser 1822 to 1823 and that is the March 10th 2006 transcript from the supplemental briefing. That's the minute order, correct? And then so there's a transcript obviously there was arguments held that's that was not provided to the Nevada Supreme Court The arguments that are reflected in this minute order. Yes. Yes. Now, let me stop you there because this Document that at 8 SCR 1822 is in fact in the appendix It's volume 26 of the appendix page four 4555 it's in there. I pulled it up. I looked at it. It's there So this statement by the Nevada Supreme Court is just completely wrong. The document is in fact in the appendix they just missed it indeed the the Government in responding to the appeal in it the red brief cited this very document at exactly that page I don't see how the Nevada Supreme Court could say that the document was not presented to them when the government itself pointed to it in the appendix and Said that's where the document is But your honor, it's not just the transcript from the March 10 2016 date. There's also the order missing from April 12 2016 which is referenced in the record 8 SE are 1823 that is that you're correct. That is not in the appendix, but that Order is completely devoid of reasoning. This is a form Conclusory order that was submitted by the government that the judge signed The only document that has any reasoning in it is the minute order, but the minute order is in the record So the Nevada Supreme Court said we've not been provided either in the form of orders or hearing Transcripts when they did in fact have the order. So this whole procedural default is just based on a patent misreading of the record So what that says to me that we just set this all aside and we were now then in de novo review. Are we not? Well, your honor, it's still the respondents position that the infirm that the claim was still presented to the Nevada Supreme Court specifically in 2 se are 464 to 481 and in his reply brief in 2 se are 327 to 334 And I'm paraphrasing Thomas basically says that he was denied his fundamental right to present a theory of defense So it was presented to the Nevada Supreme Court not just in the heading but in the briefing as well And so the Nevada Supreme Court not having the order as far as the disposition from the underlying motion in limine They rejected the claim and that is what makes the procedurally defaulted because you still have to comply with Nevada rule of appellate procedure 28 a 10a and Nevada rule of appellate procedure 30 b 2 through 3 Which states that you have to have the requirements of the contents for the appendix on appeal as well as cite to the record? The entirety of it because when you're dealing with this claim So I you are correct that in the opening brief in the Nevada They did not cite the minute order They cited the portion of the later transcript where she reaffirms the order and says I'm not you haven't shown anything to change it But then the state files its brief and in discussing this issue Cites and discusses the minute order and points to where it is in the record And then we get this comment from the Nevada Supreme Court that says we're unable to evaluate it We just can't do it because you didn't give us the order when if they had read the briefs in front of them They would see that the order is in the record in front of them And so your honor, even if this court disagrees and states that the claim is not procedurally defaulted that That the minute order as well as the transcript in essence was provided to the Nevada Supreme Court Thomas is still not entitled to relief because the federal district court on de novo review correctly concluded that any Any error was harmless under Brecht When you're looking at bretty response to his argument that well judge You're see pointed out that this wouldn't impair the credibility of two other people But one of them actually all the claims were rejected anyway, and the other Proportion of them. So this actually was a lot shakier than she seemed to realize Well, your honor if we're talking specifically about the counts in this situation You have counts 1 through 10 they apply to the victim AP and So when you're dealing with the counts counts 1 and 2 Counts 5 and 6 and count 7 and 8 they were alternative So it was a situation where if you didn't find him guilty of sex assault on the alternative count It was lewdness. So that is why he could not one of the I'm sorry This is one of the third or the fourth witnesses this. Yes. Yes, your honor AP And so when you're looking at these alternative counts He could only have been convicted of three of those with respect to the six Because there are alternative counts You cannot be convicted of both because they're two different sexual acts from one sexual point is he was actually he was actually convicted of 50% not 30% With respect to AP if you're if you're looking at the fact with respect to the other witness Well, your honor if you're looking at her sister ZF he was found the counts pertaining to ZF are counts 11 through 15 and he was found guilty of four out of five of those counts and Then for the counts because the verdict form doesn't say who? What count what victim they applied to which ones are the MSB counts? Well, your honor on if you're looking at the jury instructions They are unredacted and they have the names of the actual victims. They're in the jury instead of tell us which okay Yes to ER 125 to 161 Okay, and then so with respect to ZF her sister, that's four out of the five counts and Then you have MS that's counts 16 through 21 And he was found guilty of three out of six of those counts and then you have MSB which was the remaining counts 22 and 23 and he was found Not guilty of both of those counts Okay, so But isn't his argument that walk if this evidence had come in as to AP Three of the three of the six your position is six of those were on the table He was convicted of three of them. He could have been acquitted of three Not necessarily your honor because we're looking at Brecht We're looking at did the air did the exclusion of the of the evidence did it have in a substantial and injurious? Effect or influence on the jury's verdict and and not so because but but wouldn't the jury's verdict I mean if he was convicted of fewer Counts wouldn't that affect the jury's verdict? That's what I I'm just maybe I'm just completely off base on that Well, no, not necessarily not necessarily your honor because even if you look at count eight, which pertains to AP Count 13 which applies to ZF the witness in question And then if you look at count 17 through MS These are three separate girls three instances in the state of Nevada where they were Sexually abused by Thomas and if you look at the charging language he was convicted of lewdness with the child under 14 and he was in it involves him using his fingers and or Hands to touch and or rub and or fondle the genital areas of these three girls These three girls they attended the daycare that he worked in these three girls Their parents were the friend of the defendant these three girls. They were staying at his house My question is more fundamental. Does he need to show that it would affect every count? He was convicted of Seven Ten he was convicted of ten counts across all four girls, right? Does he need to show that all ten counts? He would have gotten an acquittal or could he just show five counts? He would have gotten acquittal wouldn't that be enough for habeas relief? He wouldn't have to show all counts But your honor just because he was found not guilty on some charges that doesn't absolve his that's not my point my point is If we assume that it would have had a material effect and we will have to make that determination but if we would if we were to assume or find that it had a material effect as to AP and ZF Why wouldn't that be enough to say it would have affected? In that in that case it could have affected seven of his ten convictions if we think that the jury would not have reached a conviction on seven of those ten Then your honor it would go back to the timeline So when we're looking at with respect to AP and ZF they alleged that they were sexually abused by Thomas from January 2006 to January of 2010, but then at some point ZF moves to Arizona But what opposing counsel is missing is that ZF Discloses sexual abuse to her sister AP first before it was even disclosed to the principal She told her sister this point is that this still would have come in in another way even if the principal The evidence had come in that She was called into the principal's office because of beating by the way Yes, your honor because she already disclosed to her sister months before I think that goes to the harmlessness Question of whether he could have been convicted, but I just have a threshold question and that is Even if his alleged error only affected Half or 60% of the convictions if we thought it had affected those we would grant relief wouldn't we? You you would but we would still have to take into consideration MSS testimony I understand okay, and so when we're looking at your honor the fact that how does MSS testimony affect AP and ZF? Because it makes it more likely to have happened anyway, whether or not The beating had been properly presented When you're looking at MSS testimony your honor there is nothing in the record that Shows that MS was related to AP. I know I give you that I'm saying those convictions would stand, but the other seven are Questionable under his theory, but that's a big difference to to Thomas if he gets Released or or if he gets habeas relief for seven of the ten convictions I imagine that would have a material effect on his sentence and everything else about this case No your honor I understand that position, but again our Saying you don't get there because there's other evidence that supported it even if you were to discount What was said in the principal's office? Yes, Ron because when we're looking at the timeline and we're saying I just don't understand how MS is one of those pieces of evidence That supports AP that AP or ZF what you said about AP Telling ZF later that makes sense to me But I don't understand how MS is evidence other than the fact that it corroborates that he had a propensity to do this Yes All it does is strengthen the evidence which goes against his argument that that that that there was speculation or I mean Fabrication as far as of the sexual abuse deflect from April because when you're looking at April It was one isolated incident April disclosed the abuse to the principal the next day She confessed nine days later, but all of this occurred before Thomas was even arrested So when we're looking at this at this timeline, there is nothing which the Nevada Supreme Court agreed There is nothing to show that there is a correlation between the disclosing of the physical abuse and the sexual abuse Done by Thomas to these four girls in this instance. It's speculative at best and There's no more answers from the court Respondents would respectfully request that this court affirmed the decision of the federal district court and denied Thomas federal habeas relief Okay. Thank you Federal district court found and I'm quoting from page 16 of the order finally April's abuse of ZS amounted ZF Amounted to a major part of what otherwise would have been Thomas's best defense His best defense was excluded and you're talking about the two other how does it impair? I mean the problem I think that Nelson's question was focused on it. How does this impair the counts with respect to MS? How does it how is there a collateral spillover to her credibility? She has no connection. Here's why she didn't come forward Voluntarily at some other time the way that occurred in the record world will bear it out is once this this was a daycare assistant director, so it made quite a bit of headlines as you could imagine and then the mother of MS and MSB started to ask the children Did this happen to you then the revelation came out so you can already see the bias it starts with the inception You had the ability to completely make that argument to the jury I don't see how that argument as to MS is enhanced by having this come in as to AP and ZF that's what I'm struggling with it Most certainly does because what you've done is you've taken away the court The district court at trial took away the ability of his best defense to make best defense as to AP and ZF Oh, I don't I think we're asking the same question No If the first two are false if the two have manufactured to deflect away from their mother Then that what it comes out and we've seen this in other cases where all the sudden children Will come out and say yes something has happened something has occurred But you had the ability to make that defense and the fact that you had a theory that AP and ZF were covering for the mother Because of the abuse allegations and all that was kept out Just if all that comes in How does that rationally affect? MS's credibility in a way that's different from what you already had to be able to argue Because it would show that the very inception of the case was false it was a false narrative and the defense attorney could never make that case if I could argue to a jury and say The problem with that I understand your argument But the problem is you're basically saying he gets out a get out of jail free card on any other harm that he committed because of You know these first faults assuming your argument is true because of these first false claims And I I mean that can't be true But I mean two things could be true He could be falsely accused of the first two and he could Actually have done the second two or at least that the fourth or whatever well I all of a sudden I realized that the court is completely Speculating wouldn't that be in the province of the jury it invaded the province of the jury one of the constitutional rights that we have Is to have a trial by jury that no wrecked you have a burden You have a burden to show that it you know had substantial and injurious effect and the question we're struggling with is how does something that undermines the credibility of AP and ZF how does that? Rationally create a spillover that creates a marginal difference in the credibility Attack on MS because it's like a domino effect once that first domino goes down All the sudden everything else gets affected and you think to yourself. Maybe these other children are like going along with the mother Yes, something happened. Remember the jury was very skeptical of What was occurring in this case? They found MSB not guilt him not guilty of all of them and then found acquittals on Excuse me, but there's three convictions on MS That's that's the problem and the domino effect was taken away the right to trial by you can't just say domino You have what's the rational chain of thought by which a jury could say? okay, a B AP and ZF were covering for their mother and How does that now impair the credibility of MS in a way that wasn't already available? Because it became a situation. You also saw that there were lawsuits. It became a situation where There were lawsuits in this case that children started to go along with their mother asking them They didn't you see they didn't come forward and say hey this happened to me The mother started saying did this happen to you and that would from that? I know I don't wouldn't repeat domino effect But it should taking away the best defense the man had and the jury had a false narrative They lived in a vacuum of falsehood and that shouldn't happen under our Constitution It shouldn't and I realize I've taken up more. No, we took you over. Thank you. Thank you for your arguments Thank you to both counsel for your arguments. The case is now submitted and that concludes our arguments for this morning
judges: NELSON, COLLINS, VANDYKE